```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                        :
STANLEY HOUSTON,                        :   CASE NO. 1:14-CV-2441
                                        :
                Plaintiff,              :
                                        :
vs.                                     :   OPINION & ORDER
                                        :
CUYAHOGA COUNTY                         :
PROBATION DEPARTMENT,                   :
                                        :
                Defendant.              :
                                        :
------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Stanley Houston filed this action against the Cuyahoga County Probation Department on November 4, 2014, seeking relief from a criminal sentence imposed upon him in March 2014 in *State of Ohio v. Stanley Houston*, CR-13-580733-A 99 (Cuyahoga County, Ohio Court of Common Pleas). The plaintiff pled guilty to attempted assault in the state criminal case and was sentenced to, among other things, two years of community control sanctions in the Nancy R. McDonnell Community Based Correctional Facility. The plaintiff seeks relief from his sentence in this case, asking the Court if he could "just get time served" in the Cuyahoga County Jail. This action is hereby dismissed pursuant to 28 U.S.C. § 1915A, which provides that a district court must dismiss any civil action filed by a prisoner seeking relief from a governmental entity as soon as possible after docketing if the court concludes the complaint fails to state a claim on which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.

The plaintiff's complaint fails to state a claim on which relief may be granted. The plaintiff seeks relief in this case which challenges the validity of his state court sentence, but the Supreme Court has held that when a prisoner challenges "the very fact or duration of his physical imprisonment, . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rogriguez*, 411 U.S. 475, 500 (1973). *See also Heck v. Humphrey*, 512 U.S.477, 487 (holding that a prisoner may not bring a civil rights action for damages that would "necessarily imply" the invalidity of his conviction or sentence unless the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"). Accordingly, the plaintiff's action challenging the plaintiff's sentence is not cognizable.

Furthermore, it appears from the Cuyahoga Court of Common Pleas public docket in the plaintiff's state criminal case that the plaintiff was sentenced to a one-year sentence in the Cuyahoga County Jail with credit for time served on November 19, 2014, after the plaintiff violated – and the trial court terminated – the plaintiff's community control sanctions. Accordingly, the plaintiff's action is moot to the extent the plaintiff seeks placement and "time served" in the Cuyahoga County Jail. *See Ailor v. City of Maynardville, Tennessee*, 368 F.3d 587, 596 (6th Cir.2004)( "[I]f events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed.")

**Conclusion**

For all of the reasons stated above, this action is hereby dismissed under § 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith.

    IT IS SO ORDERED.


Dated: January 7, 2015                      *s/       James S. Gwin*
                                                              JAMES S. GWIN
                                                              UNITED STATES DISTRICT JUDGE